08-60814.rr

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-60814-CV-MARTINEZ/BROWN

CHERYL GREGORY, PHILLIP LUCERO,
JAMES J. PEREZ, PAUL S. ROSENKRANZ,
DAVID NEFF and MARY J. HEBIG,

    Plaintiffs,

vs.

EBF & ASSOCIATES, L.P., a Delaware
Limited Partnership, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**This matter** is before this Court on Defendant EBF & Associates, L.P.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction (D.E. 8). The Court has considered the motion, the response, the reply, the notice of supplemental authority and all pertinent materials in the file.

### Facts

Plaintiffs have filed a single count Amended Complaint which alleges a violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109, et seq., ("WARN Act").[1]

The Amended Complaint alleges, inter alia, the following:

---

[1] On July 28, 2008, Plaintiffs filed a Motion for Leave to File Second Amended Complaint which seeks to add class allegations. That motion remains pending.

1

16.   Defendant, EBF & Associates, L.P. ("EBF") is a Delaware Limited Partnership, it shares operating offices with Merced Partners, L.P., ("MERCED") in Minnetonka, Minnesota; MERCED is the Managing General Partner of Omega Air Holdings, LLC, d/b/a Focus Air. ("FOCUS").

17.   Defendant, EBF, owns and at all material times actively controlled FOCUS, and hence, EBF has affiliated corporate liability, as an "employer," under the WARN Act; it has a statutory corporate affiliation, with a business enterprise, FOCUS, ...

18.   Defendant, EBF, owns and actively controls FOCUS; and hence, EBF has affiliated corporate liability, as a "joint employer," under the WARN Act; it has a statutory corporate affiliation, with a business enterprise, FOCUS ...

19.   Defendant Omega Air Holdings, L.L.C., d/b/a Focus Air ("OMEGA," or "FOCUS"), conducts its business operations as a cargo airline, through using the business name, "Focus Air," and OMEGA is an "employer," under the WARN ACT, a business enterprise that employs either 100 or more employees, excluding part time employees, or 100 or more employees, who in the aggregate, work at least 4,000 hours per week, exclusive of overtime. [footnote omitted].

20.   A corporate representative of EBF, David Erickson ("ERICKSON"), acting in the position of Portfolio Manager, has been recently responsible for selling off all of the assets of FOCUS, in effect, liquidating that entity, to the highest possible bidder.

Am. Complt. ¶¶ 16-20.

Plaintiffs further allege that EBF, "doing business as the affiliated entity," FOCUS, violated the WARN Act by failing to give FOCUS employees in Fort Lauderdale adequate notice of an impending mass layoff. Am. Complt. ¶¶ 21-27.

## Discussion

In this case, where federal jurisdiction is based on the alleged violation of a federal statute that is "silent regarding service of process," (i.e. the WARN statute), the Court follows Fed.R.Civ.P. 4(e), which advises the Court to look to the state long-arm statute to determine the existence of personal jurisdiction. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626-27 (11th Cir. 1996). Florida's long arm statute is to be "strictly construed." Id. at 627.

If jurisdiction is proper under the state long arm statute, the Court must then determine whether the exercise of jurisdiction over the defendant would violation the Due Process Clause of the Fourteenth Amendment, "which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend 'traditional notions of fair play and substantial justice.'" Sloss Industries Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007) (quoting Sculptchair, 94 F.3d at 626).

Plaintiffs have the initial burden of establishing "a *prima facie* case of personal jurisdiction over a nonresident defendant." Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002). Once that is established, if a defendant challenges personal jurisdiction through affidavits or testimony, the burden shifts back to the Plaintiff to prove jurisdiction. Id. at 1269. The Court must only accept facts alleged in the complaint as true if they are uncontroverted by the defendant's evidence. In other words, plaintiff is required "to substantiate the jurisdictional allegations in the complaint by affidavits of other competent proof, and not merely reiterate the factual allegations in the complaint." Future Technology Today, Inc. v. OSF Healthcare Systems, 218 F.3d 1247, 1249 (11th Cir. 2000) (quoting Prentice v. Prentice Colour, Inc., 779 F. Supp. 578, 583 (M.D. Fla. 1991)). If the plaintiff fails to refute the defendant's evidence by sworn proof of jurisdiction, the motion to dismiss must be granted. Venetian Salami Co. v. J.S. Parthenais, 554 So. 2d 499, 502 (11th Cir. 2000). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Meier, 288 F.3d at 1269.

In order to plead a prima facie showing of personal jurisdiction, a plaintiff may either track the language of §48.193, without pleading supporting facts, or allege specific facts to fit within one or more of the subsections. See Einmo v. Aecom Gov't Svcs., No. 8:06-CV-1371-T-27TBM, 2007

3

WL 2409816, at *6 (M.D. Fla. 2007) (citing <u>Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle</u>, 955 So. 2d 598, 601 (Fla. 2d DCA 2007). The Amended Complaint fails to reference any subsection of §48.193. In their Response to the Motion to Dismiss, Plaintiffs claim that jurisdiction can be based on either of the following subsections of § 48.193, Florida's long-arm statute:

> (1) Any person, whether or not a citizen or resident of this state, who personally <u>or through an agent</u> does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within the state.
>
> * * *
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

<u>Fla. Stat.</u> §48.193 (emphasis added).

Plaintiffs initially argue that jurisdiction can be based on the allegation that EBF was an "integrated," "affiliated," or "joint employer" with OMEGA/FOCUS under the WARN statute, and thereby committed a "wrong" in the state. This method of establishing personal jurisdiction was rejected in <u>Vogt v. Greenmarine Holding</u>, LLC, No. CIV.A.1:01-CV0311JOF, 2002 WL 534542 (N.D. Ga. 2002), where the court found that it was "improper to conflate an issue of subject matter jurisdiction with personal jurisdiction" and that they were "two separate inquiries":

> a state or federal statute cannot transmogrify insufficient minimum contacts into a basis for personal jurisdiction by making these contacts elements of a cause of action since this would violate due process... [The federal statute's] definition of corporate affiliation as an element of ... liability cannot confer personal jurisdiction on the basis of such affiliation ... Thus, [the federal statute's] control group provision regarding withdrawal liability does not alter

     the rule that corporate affiliation or ownership is not a sufficient minimum contact for the exercise of personal jurisdiction.

Id. at *3 (quoting Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 944-45 (7th Cir. 2000)).[2]

  To the extent that EFB seeks to establish personal jurisdiction under the theory that FOCUS was acting as EBF's agent, based on conclusory allegations that EBF had "ownership" or "control" over OMEGA/FOCUS, Defendant has sufficiently challenged those allegations. The elements of agency under Florida law are (1) acknowledgment by the principal that the agent will act for it, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent. State of Florida v. American Tobacco Co., 707 So. 2d 851, 854 (Fla. 4th DCA 1998). The amount of control the principal exercises must be "very significant." Id. at 855. Even in a parent/subsidiary relationship (which this is not) "the parent corporation, to be liable for its subsidiary's acts under the .... agency theory, must exercise control to the extent the subsidiary 'manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation.'" Id. (quoting Vantage View, Inc. v. Bali East Devel. Corp., 421 So. 2d 728, 733 (Fla. 4th DCA 1982), modified on other grounds, Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114 (Fla. 1984)).

  Defendant has presented the affidavit of its general counsel Thomas Rock, Esq., who states, inter alia: that Defendant EBF is a private investment adviser; that the sole office of EBF is located in Minnetonka, Minnesota; that all of EBF's employees reside in Minnesota; that EBF does not

---

[2]Furthermore, the Court will not "impute the existence of a conspiracy" based on the conclusory allegations of the Amended Complaint, which nowhere allege a conspiracy to commit the "intentional corporate looting" of OMEGA. See Resp. p. 11.

derive any revenues from the state of Florida; that it has no bank accounts in Florida, and does not file tax returns with the state of Florida; and that EBF has "absolutely no ownership interest in Omega Air Holdings, LLC." (Rock Aff. ¶2). Mr. Rock further states that "EBF has never exercised 'active control' over Omega or been involved in the day to day operations of Omega," and that "EBF is not affiliated with Omega and Omega has not acted as an agent for EBF in any manner." Rock Aff. ¶3.

In an attempt to refute this evidence, Plaintiff refers the Court to the affidavit of Cheryl Gregory, which was filed in connection with Plaintiffs' Motion to Certify Class (DE 11-2). Ms. Gregory, who was previously employed as FOCUS's Manager for Crew Scheduling, states that in her former capacity, she was contacted "on several occasions, by representatives of [EBF], specifically, by Bruce K. Haugo." Aff. ¶ 3. She further states:

> 4. Mr. Haugo presented me with a business card on behalf of EBF, with an address of 601 Lakeshore Parkway, Suite 200, Minnetonka, Minnesota, ... .
>
> 5. Furthermore, Mr. Haugo clearly represented to me that, EBF, as an entity, was in direct operational control of FOCUS, as a business enterprise; and that all substantive business decisions made for FOCUS, and/or on its behalf, were in fact made by EBF employees, with respect to the overall management of the FOCUS business enterprise, as well as all purchasing, capitalization and personnel decisions.
>
> 6. As an administrative employee, I was left with the clear understanding, based upon representations made by EBF employees, that EBF was effectively in control of any and all business decisions, which were implemented by OMEGA and or FOCUS.

Gregory Aff. ¶¶ 4-6.[3] Plaintiffs's counsel has submitted an affidavit which states that Hr. Haugo is an Accountant for EBF. Berkowitz Aff. ¶ 3.(C). (DE 11-3).

---

[3]Ms. Gregory also references contact made by Christopher Gondeck, but does not reference any statements allegedly made by him.

6

The Court initially finds that counsel's acting as a witness is inappropriate. See Putnam v. Head, 268 F.3d 1223, 1246 (11th Cir. 2001) (stating that lawyers should not provide testimony in cases in which they are also advocates). Furthermore, there has been no showing that Mr. Haugo, in his position as "accountant" for EBF, is in such a position of authority or control over EBF such that his statements concerning EBF could be considered admissions against interest. Accordingly, these hearsay statements allegedly made to Ms. Gregory by Mr. Haugo do not constitute competent evidence such as to refute Mr. Rock's sworn statements regarding the lack of EBF's control over OMEGA/FOCUS.

As Plaintiffs have failed to establish personal jurisdiction over Defendant EBF under the long arm statute, the Court need not proceed to the constitutional due process analysis.

### Recommendation

Accordingly, the Court respectfully recommends that the Motion to Dismiss Complaint for Lack of Personal Jurisdiction be **GRANTED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of October, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Jose E. Martinez
Counsel of record