UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **08-60814-CIV-MARTINEZ-BROWN**

CHERYL GREGORY, PHILIP LUCERO,
JAMES J. PEREZ, PAUL S. ROSENKRANZ,
DAVID NEFF, and MARY K. HEBIG, on
behalf of themselves and all others similarly
situated,

    Plaintiffs,

vs.

EBF & ASSOCIATES, L.P., a Delaware
Limited Partnership, and OMEGA AIR
HOLDINGS d/b/a Focus Holdings, a Minnesota
Limited Liability Company,

    Defendants.
_____/

## OMNIBUS ORDER

This matter comes before the Court upon the Report and Recommendation of the Honorable Stephen T. Brown **(D.E. No. 30)** on Defendant EBF & Associates, L.P.'s ("EBF") motion to dismiss complaint for lack of personal jurisdiction **(D.E. No. 8)**, upon the Clerk's Entry of Default as to Defendant Omega Air Holdings ("Omega") **(D.E. No. 33)**, and upon Plaintiffs' motion to transfer venue **(D.E. No. 38)**.

I.    Default

The Clerk has entered Default against Defendant Omega (D.E. No. 33). Upon review of the record, it appears that Defendant Omega has indeed failed to answer or otherwise respond to the complaint. The Court will, therefore, order Plaintiffs to file a motion for default judgment.

II.     Personal Jurisdiction and Transfer

The Court has reviewed the entire file and record and has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present. Specifically, Plaintiffs objected to the Report and Recommendation on four grounds: 1) that they were entitled to an evidentiary hearing prior to a ruling on personal jurisdiction; 2) that the motion should not have been granted until Plaintiffs had a chance to receive answers to discovery requests pertinent to the issue of personal jurisdiction; 3) that the Magistrate Judge should not have applied Florida's long-arm statute in analyzing personal jurisdiction over the non-resident Defendant, EBF; and 4) that the Magistrate Judge should have resolved all factual disputes in favor of Plaintiffs in the absence of an evidentiary hearing.

With respect to Plaintiffs' first objection, evidentiary hearings on the issue of personal jurisdiction are at the discretion of the Court. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006). Thus, Plaintiffs were not entitled to an evidentiary hearing on the issue of personal jurisdiction.

With respect to Plaintiffs' second objection, Defendant EBF asserts that Plaintiffs did not file discovery requests relating to personal jurisdiction until well after the motion to dismiss had been fully briefed. In any event, Plaintiffs do not cite to any authority, nor is the Court aware of any, holding that Plaintiffs must have an opportunity to receive discovery responses before the issue of personal jurisdiction is addressed.

With respect to Plaintiff's third objection, even in a federal question case, in the absence of a statute providing for nationwide service of process, the Court determines personal jurisdiction on the basis of 1) the state long-arm statute and 2) the Due Process clause. *Id.* (citing

*Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir.1990)); *see also Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996). Thus, the Magistrate Judge correctly applied Florida's long-arm statute, Fla. Stat. § 48.193, in analyzing personal jurisdiction.

In the absence of an evidentiary hearing, "the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant by presenting enough evidence to withstand a motion for directed verdict." *Id.* (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990)). To the extent that the facts alleged in the complaint "are uncontroverted by the defendant's affidavits," the Court must accept them as true. *Id.* On the other hand, when the defendant's affidavits do contradict the complaint's allegations, the Court construes all reasonable inferences in the plaintiff's favor but does not automatically accept the plaintiffs facts as true. *Id.* In this case, Defendant EBF presented an affidavit directly controverting Plaintiffs' argument that jurisdiction can be based upon Defendant asserting "ownership" or "control" over the resident Defendant, Omega.[1] The evidence that Plaintiffs presented in support of that argument was an affidavit reporting a hearsay statement by an accountant of EBF, who Plaintiff's failed to show was in a position of authority or control in EBF such that his statements could be considered admissions against interest or could refute Defendant's evidence. Thus, construing reasonable inferences in favor of Plaintiffs is insufficient to find that Plaintiffs have made a prima facie showing of personal jurisdiction. Plaintiff's fourth objection, therefore, has no merit.

The Court is accordingly prepared to adopt the Report and Recommendations of

---

[1] Magistrate Judge Brown also found that mere corporate affiliation between resident and non-resident corporations is insufficient to provide personal jurisdiction over the non-resident corporation. The Plaintiffs did not object to this finding, and the Court agrees with it.

-3-

Magistrate Judge Brown. The Court, having found that Magistrate Judge Brown's report and recommendation should be adopted and that Defendant EBF should be dismissed for lack of personal jurisdiction, will not exercise jurisdiction over Defendant EBF by transferring this case to Minnesota. The Court notes, however, that Defendant EBF has not opposed Plaintiffs' motion to transfer to this action and has even, without explicitly consenting to personal jurisdiction, argued that Plaintiffs' objections to the report and recommendations are moot because of the pending transfer (D.E. Nos. 40, 41). Should Plaintiffs refile their claims against Defendant EBF in Minnesota, and should Defendant EBF then assert a defense on statute of limitations grounds, this Court will entertain a motion to reopen the present case and to reconsider its ruling on the issue of personal jurisdiction. Therefore, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff shall submit a *Motion for Default Final Judgment* no later than **February 6, 2009**, that includes affidavits of the amount due by Defendant Omega and any other supporting documentation necessary to determine the measure of damages. Plaintiff shall send a copy of the motion to Defendant Omega's counsel or to Defendant Omega, if Defendant Omega does not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent and the address to where it was sent.

2. If Defendant fails to respond to the Complaint and/or move to set aside the Clerk's Default on or before **February 16, 2009**, default final judgment may be entered.

3. Plaintiff's failure to file for the Motion for Entry of Default Final Judgment within the specified time will result in a **dismissal** without prejudice.

4. United States Magistrate Judge Brown's Report and Recommendation **(D.E. No. 30)** is

**AFFIRMED** and **ADOPTED**.

5. Defendant EBF's Motion to Dismiss **(D.E. No. 8)** is **GRANTED**. The Court will, however, entertain a motion to reconsider this ruling in the event that Defendant EBF raises the statute of limitations as a defense to Plaintiffs refiling their claims in Minnesota.

6. Plaintiffs' motion to transfer venue **(D.E. No. 38)** is **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of January, 2009.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record